**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JESSICA FESTA, | Civil Action No. 17-5327 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| DETRAI FLOWERS et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter has come before the Court on the motions *in limine* filed by both Plaintiff, Jessica Festa ("Festa"), and Defendants, Detrai Flowers ("Flowers") and First Fleet Inc. ("FFI") (collectively, "Defendants"). For the reasons that follow, Defendants' third *in limine* motion will be granted in part and denied in part, and all other *in limine* motions will be granted.

I. **Plaintiff's motion *in limine***

Plaintiff filed one *in limine* motion which raises four issues. First, Plaintiff argues that Defendants have no evidence that that Plaintiff fell asleep at the wheel and should not be allowed to argue that she did. In opposition, Defendants agree that there is no evidence that Plaintiff was intoxicated, and they will not argue differently at trial. Defendants argue that there is, however, evidence that Plaintiff was fatigued at the time of the accident, which they will argue at trial. Defendants point to Plaintiff's deposition testimony that she had been awake for approximately 20 hours at the time of the accident. Plaintiff argues that this evidence is more prejudicial than probative of the issue of whether Plaintiff had fallen asleep at the wheel, and that there is no evidence that Plaintiff had fallen asleep at the wheel at the time of the accident. This Court agrees with Plaintiff: there is no evidence that Plaintiff had fallen asleep at the wheel at the time

1

of the accident, and Defendants may not argue to the jury that she had fallen asleep. As to Plaintiff's first issue, the motion *in limine* will be granted.

The parties have reached agreement on the second through fourth issues raised in Plaintiff's motion *in limine*: 2) Defendants agree that their accident reconstruction expert cannot offer opinion or testimony about statements heard on dashcam video taken by the police, nor opinions on Plaintiff being intoxicated; 3) unpaid medical expenses will be calculated using the UCR schedule; and 4) Defendants will not argue to the jury that Plaintiff had a collateral source able to pay her medical bills. Therefore, as to all four issues, Plaintiff's motion *in limine* will be granted.

**II. Defendants' motions *in limine***

Defendants filed four separate *in limine* motions. The parties have resolved the dispute as to the second motion: in the second motion, Defendants moved to bar Plaintiff's expert Andrew Gluck from testifying, and Plaintiff has stated that Gluck will not testify at trial. This leaves three motions which address the testimony by Plaintiff's expert, Robert Crandall.

In Defendants' first motion, Defendants moved to bar Crandall's testimony as to his conclusions about Flowers. On page 27 of Crandall's expert report, Crandall states nine conclusions about Flowers. Defendants move to bar Crandall's testimony as to all nine conclusions, on three grounds: 1) his inferences about Flowers are not based on facts; 2) his expert opinions about Flowers would not be helpful to the jury; and 3) he should not be allowed to introduce Flower's previous accidents and conclude that Flowers is "often careless."

The Court has reviewed Crandall's expert report and agrees that, as to the nine conclusions about Flowers, Crandall's testimony is inadmissible under Federal Rule of Evidence 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

As Defendants contend, Crandall's opinions about Flowers' role in causing the accident are not based on sufficient facts or data. Crandall's first five conclusions about Flowers generally relate to the theory that the accident was caused by Flowers' distracted and/or fatigued driving. Crandall arrives at these conclusions largely by assuming that Festa's account of the accident is true, while Flowers' account of the accident is false. Such information does not constitute sufficient facts or data, nor are Crandall's conclusions the product of a reliable method. Rather, as to these five conclusions, Crandall's method appears to be entirely biased and non-scientific. Crandall's testimony as to the first five conclusions about Flowers is inadmissible under Rule 702.

Furthermore, the Court agrees with Defendants that, as to the first five conclusions, the real issue for the jury will be whether to believe Festa or Flowers as to the circumstances of the accident, and that the jury will be able to hear the evidence and understand it without Crandall's assistance. The jury can decide who to believe by hearing the witnesses and applying common sense; Crandall's biased testimony will not help them determine this. To the extent that Crandall offers testimony about relevant driving regulations, the jury is capable of understanding the relevant driving regulations without the assistance of an expert.

On pages 24 and 25 of the Crandall Report, Crandall refers to two previous driving incidents involving Flowers – an accident in 2013 and a driving violation in 2015, prior to employment with FFI –, as well as a driving incident at work that occurred after Flowers was

hired in 2016.  Crandall relies on this evidence to make inferences about both Flowers and FFI. Defendants argue that Crandall did not investigate the three previous incidents and has no detailed information about the circumstances, beyond the fact that the incidents occurred.  As such, Defendants argue that Crandall lacks sufficient facts or data to make any inferences based on these incidents.  Moreover, Crandall uses these incidents to make assessments of Flowers' character, concluding that Flowers is "often careless."  (Crandall Rpt. at 27.)  Such an assessment is a statement about Flowers' character, offered to prove that Flowers acted in accordance with this character in the accident at issue; this is prohibited by Federal Rule of Evidence 404(a)(1).  This Court agrees with Defendants that: 1) Crandall's use of the three driving incidents must be barred because Crandall lacks sufficient facts or data about the incidents, and so his opinion does not meet the requirements of Rule 702(b); and 2) Crandall's inferences about Flowers' character for carelessness are prohibited by Federal Rule of Evidence 404(a)(1).

None of Crandall's conclusions about Flowers are admissible, and Crandall is barred from giving opinions about Flowers.

Crandall's Report next presents eight conclusions about Defendant First Fleet Inc.  In brief, these conclusions assert that FFI was negligent in hiring and supervising Flowers. Crandall presents essentially two theories: 1) FFI was negligent in failing to investigate Flowers and in failing to discover his previous driving incidents and felony convictions; and 2) FFI failed to adequately supervise Flowers' driving during his employment.

Defendants move to exclude Crandall's conclusions about FFI on several grounds.  In their third *in limine* motion, Defendants raise two challenges: 1) Crandall's conclusions about negligent hiring should be excluded because Plaintiff's negligent hiring claim fails to state a

4

valid claim for relief; and 2) evidence about Flowers' past accidents is inadmissible as character evidence.

As to the first challenge in the third *in limine* motion, in opposition, Plaintiff argues persuasively that such an argument is improper in a motion *in limine* and should be made as a dispositive motion. This Court agrees. Should Defendants wish to pursue this argument, they should raise it in a Rule 12(b)(6) motion or a motion for summary judgment. As to Defendants' challenge to the negligent hiring claim itself, the third *in limine* motion will be denied.

As to the second challenge in the third *in limine* motion, concerning Crandall's use of Flowers' previous driving incidents, Plaintiff's opposition brief does not address or oppose the argument. This Court construes this to be a concession that Defendants are correct and that evidence about Flowers' past driving incidents is inadmissible under Federal Rule of Evidence 404(a)(1). As already discussed, Crandall lacks sufficient facts or data to make any inferences about Flowers' role or fault in these incidents, and thus has insufficient data to make inferences based on them, which includes his inferences about FFI's hiring of Flowers in the absence of an investigation into these incidents. As to the second challenge in the third *in limine* motion, concerning Crandall's use of Flowers' previous driving incidents, the third *in limine* motion will be granted.

In their fourth *in limine* motion, Defendants move to exclude Crandall's conclusions based on Flowers' past felony convictions. Flowers has admitted that he was convicted of weapons possession in 2001 and drug distribution in 2002. Defendants argue that evidence of these convictions should be excluded because it is more prejudicial than probative, and this Court agrees: convictions for weapons possession and drug distribution from twenty years ago have no relevance to the accident at issue, but would likely prejudice the jury against Flowers.

5

Evidence of Flowers' past felony convictions is inadmissible.

The combined effect of this Court's decisions on Defendants' first, third, and fourth *in limine* motion excludes all of the conclusions stated in Crandall's expert report. Crandall based his conclusions on evidence that is either insufficient or inadmissible or both: Plaintiff's account of the accident, assumed to be true, and Flowers' prior convictions and driving incidents. All of the conclusions offered by Crandall are therefore inadmissible as well. The Court finds that this leaves Crandall with nothing helpful to offer the jury. While Crandall may have knowledge of various driving regulations, the jury does not need expert explanation of driving regulations to understand the accident. Crandall is barred from offering opinions about any of the conclusions stated in his expert report, and he will not be permitted to offer expert testimony at trial.

For these reasons,

**IT IS** on this 22nd day of June, 2022

**ORDERED** that Plaintiff's motion *in limine* (Docket Entry No. 48) is **GRANTED**; and it is further

**ORDERED** that Defendants' first motion *in limine* (Docket Entry No. 49) is **GRANTED**; and it is further

**ORDERED** that Defendants' second motion *in limine* (Docket Entry No. 50) is **GRANTED**; and it is further

**ORDERED** that Defendants' third motion *in limine* (Docket Entry No. 51) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to the challenge to Plaintiff's negligent hiring claim, Defendants' third motion *in limine* (Docket Entry No. 51) is **DENIED**; and it is further

**ORDERED** that, as to the challenge to Crandall's testimony regarding Flowers' prior

Case 2:17-cv-05327-SRC-CLW   Document 56   Filed 06/22/22   Page 7 of 7 PageID: 542

driving incidents, Defendants' third motion *in limine* (Docket Entry No. 51) is **GRANTED**; and it is further

      **ORDERED** that Defendants' fourth motion *in limine* (Docket Entry No. 52) is **GRANTED**; and it is further

      **ORDERED** that the expert testimony of Robert Crandall will not be admitted at trial.

                                          s/ Stanley R. Chesler
                                          Stanley R. Chesler, U.S.D.J